on the 9th day of December, 1907, denying the defendant's motion for a new trial made upon the minutes.

GAYNOR, J.: Two witnesses testified to being present together at the station where the accident happened, that no one else was there, and that they saw the deceased killed by the starting of the train while he was getting aboard. A doctor was on the following train, which seems to have come along in a few minutes, and he got off at the station. He testified for the defendant without objection that two of the men who were there told him that they saw the deceased try to get on the train after it had started, and fall under the car. He was then asked who they were, and said he could not identify them or tell who they were. The testimony was hearsay and would have been excluded if objected to; or when the witness answered that he could not identify them it should have been struck out on the plaintiff's motion, for some persons could have seen the accident from a distance, instead of being right there at the station with the said two witnesses. Instead, the motion was denied. The learned trial Judge reconsidered the matter and afterwards struck the testimony out. This was an everyday occurrence and entirely proper. The history of how it was done and of all that was said in the doing of it, is pointless. The grave thing is the credibility of the two eye-witnesses of the plaintiff, for several witnesses — three employees of the defendant and two policemen — testified that they told them that the deceased ran after the train and tried to get on it after it had started, but this court can scarcely reverse on that ground; the case is not clear enough. The judgment should be affirmed. Present — Woodward, Gaynor, Rich and Miller, JJ. Judgment and order unanimously affirmed, with costs.

---

Delia Eagan, as Administratrix of John Eagan, Deceased, Respondent, v. The Edison Electric Illuminating Company of Brooklyn, Appellant.— Order affirmed, with ten dollars costs and disbursements. No opinion. Hirschberg, P. J., Woodward, Jenks, Gaynor and Miller, JJ., concurred.

Kathryne T. Foley, Appellant, v. The Prudential Insurance Company of America, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Hirschberg, P. J., Woodward, Jenks, Gaynor and Miller, JJ., concurred.

In the Matter of the Application of Edward V. Brown, Jr., Appellant, for an Order Establishing the Authority of Hon. William P. Platt, County Judge of Westchester County, to Act in the Place and Stead of Hon. Frank V. Millard, Surrogate of the County of Westchester, in a Proceeding now Pending before Said Surrogate, Entitled "In the Matter of the Probate of a Paper Writing Purporting to be the Last Will and Testament of Edward V. Brown, Deceased." Florence A. Corey, Respondent.— Order affirmed, with ten dollars costs and disbursements. No opinion. Hirschberg, P. J., Woodward, Jenks, Gaynor and Miller, JJ., concurred.

In the Matter of the Application of The Elmsford Real Estate Company for the Drainage of Certain Lands in the Valley of the Saw Mill River in the Town of Greenburgh, Westchester County, New York. Harriet D. Reynolds and Others, Appellants; Thomas R. Hodge and Others, Commissioners, Respondents.— Order